# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Case No. 15-CR-0007-CVE** |
| | ) | **(See also 16-CV-0392-CVE-PJC)** |
| ROY JAMES HUDSON, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court is defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Dkt. # 49). On June 24, 2016, defendant filed his motion raising a claim under Johnson v. United States, 135 S. Ct. 2551 (2015), and he argues that he is no longer eligible for sentencing under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA).

On December 17, 2014, a federal magistrate judge signed a complaint (Dkt. # 1) charging defendant with being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Defendant was arrested and he made his initial appearance on December 22, 2014. Dkt. # 5. The magistrate judge appointed counsel for defendant, and defendant waived his right to a preliminary hearing and a detention hearing. Dkt. ## 6, 7. A grand jury returned an indictment (Dkt. # 11) charging defendant with two counts of being a felon in possession of a firearm in violation of § 922(g)(1) (counts one and two), and two counts of possessing an unregistered weapon in violation of 26 U.S.C. §§ 5861(d) and 5871. As to counts one and two, the indictment put defendant on notice that he might be eligible for sentencing under the ACCA.

Defendant pled guilty to count two with a plea agreement, and the plea agreement states that defendant is subject to sentencing under the ACCA. Defendant acknowledged that he faced a 15 year statutory mandatory minimum sentence and a possible maximum sentence of life imprisonment if he pled guilty to count two. Dkt. # 21, at 9; Dkt. # 22, at 3. A presentence investigation report (PSR) was prepared by the United States Probation Office, and defendant's total offense level was 31 with a criminal history category of VI, resulting in an advisory guideline range of 188 to 235 months. The PSR stated that defendant was subject to sentencing under the ACCA due to three prior convictions for second degree burglary. Defendant filed a motion for downward variance requesting a sentence of 15 years, the statutory mandatory minimum under the ACCA, but he did not challenge the applicability of the ACCA. Dkt. # 29. At the sentencing hearing, the Court granted defendant's motion for a downward variance and sentenced him to the statutory mandatory minimum of 180 months, or 15 years, imprisonment. Dkt ## 33, 34. Defendant did not file a notice of appeal and his conviction became final on December 22, 2015.

Defendant has filed a § 2255 motion asserting that he is entitled to relief under Johnson. The motion was received by the Court Clerk on June 24, 2016, and the motion contains a statement that defendant placed it in the prison mailing system on June 20, 2016. In Welch v. United States, 136 S. Ct. 1257 (2016), the Supreme Court held that Johnson is retroactively applicable to cases on collateral review. Johnson was decided by the Supreme Court on June 26, 2015, and a motion seeking relief under Johnson would be timely if it were filed no later than June 27, 2016.[1] See Dodd

---

[1]     In calculating the one year statute of limitations under § 2255, federal courts refer to Fed. R. Civ. P. 6(a) to compute the applicable deadline. United States v. Hurst, 322 F.3d 1256, 1260 (10th Cir. 2003). Under Rule 6(a)(1)(C), if a deadline falls on a Saturday, Sunday, or legal holiday, the time period continues to run until the next day that is not a weekend or legal holiday. June 26, 2016 was a Sunday and defendant's deadline to file a § 2255 motion

v. United States, 545 U.S. 353 (2005) (one year statute of limitations under § 2255 (f)(3) runs from the date that the Supreme Court initially recognized a new constitutional right, rather than the date the new right was made retroactive to cases on collateral review). Defendant's § 2255 motion is timely[2] under § 2255(f)(3) and the Court ordered plaintiff to respond to the motion. Dkt. # 41. Plaintiff filed a response (Dkt. # 42) to defendant's § 2255 motion, and defendant has filed a reply (Dkt. # 43).

Defendant was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and, under § 924(a)(2), the maximum punishment for this offense is 10 years imprisonment. However, if a defendant has three or more prior convictions that qualify as a violent felony or a serious drug offense, the defendant is subject to a statutory mandatory minimum sentence of 15 years and a possible maximum sentence of life imprisonment under the ACCA. Prior to Johnson, the ACCA defined "violent felony" as follows:

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that --
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another;
>
> (ii) is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .

asserting a Johnson claim was June 27, 2016.

[2]    The Court also notes that defendant's § 2255 motion was filed within one year of the date his conviction became final, and the motion is timely under § 2255(f)(1). The Court will review defendant's motion broadly to determine if he has raised any claims that are not based on Johnson, because he can assert any claims that would be appropriate in an original § 2255 motion.

18 U.S.C. § 924(e)(2).  The last section of this definition treating a prior conviction as a violent

felony if it "involves conduct that presents a serious potential risk of physical injury to another" is

known as the "residual clause."  In <u>Johnson</u>, the Supreme Court found that the residual clause was

unconstitutionally vague in violation of the Due Process Clause of the Fifth Amendment.  <u>Johnson</u>,

135 S. Ct. at 2556-57.  <u>Johnson</u> does not impact the validity of any other provision of the ACCA,

and the Supreme Court stated that "[t]oday's decision does not call into question application of the

Act to the four enumerated offenses [burglary, arson, extortion, or involves the use of explosives],

or the remainder of the Act's definition of a violent felony."  <u>Id.</u> at 2563.  The Supreme Court

subsequently determined that <u>Johnson</u> is retroactively applicable to cases on collateral review.

<u>Welch</u>, 136 S. Ct. at 1268.

The Court has reviewed defendant's § 2255 motion and finds that <u>Johnson</u> has no bearing

on defendant's sentence.  The predicate offenses used to enhance defendant's sentence under the

ACCA were all convictions for second degree burglary, and the Supreme Court was clear that

<u>Johnson</u> does not affect the treatment of the four enumerated offenses as violent felonies.  <u>Johnson</u>,

135 S. Ct. at 2563.  Defendant's prior convictions were not treated as violent felonies because of the

residual clause, and <u>Johnson</u> does not apply in this case.   However, defendant's motion is timely

under § 2255(f)(1) and he can raise any other argument that would be appropriate in an initial §2255

motion.   Defendant clearly argues that he is not eligible for sentencing under the ACCA, and he

argues that his burglary convictions should not have been considered violent felonies under the

ACCA. Dkt. # 36, at 4; Dkt. # 43, at 3.  It appears that plaintiff also understood that defendant was

asserting a non-<u>Johnson</u> challenge to his sentence, because plaintiff argues that defendant's burglary

convictions should be treated as violent felonies under the modified categorical approach.  Dkt. #

4

42.  Even though <u>Johnson</u> does not apply, the Court will consider whether defendant should have been sentenced under the ACCA.

Defendant's prior convictions that were used to enhance his sentence under the ACCA were all second degree burglary convictions under OKLA. STAT. tit. 21, § 1435.  The statute of conviction states as follows:

> Every person who breaks and enters any building or any part of any building, room, booth, tent, railroad car, automobile, truck, trailer, vessel or other structure or erection, in which property is kept, or breaks into or forcibly opens, any coin-operated or vending machine or device with intent to steal any property therein or to commit any felony, is guilty of burglary in the second degree.

OKLA. STAT. tit. 21, § 1435.  Burglary is specifically listed as a violent felony in § 924(e) but the statute does not define burglary.  In <u>Taylor v. United States</u>, 495 U.S. 575 (1990), the Supreme Court noted that the elements of burglary vary from state to state, and it supplied a definition of generic burglary for federal courts to use in determining whether a conviction under a state burglary statute constitutes a violent felony under the ACCA.  To qualify as a generic burglary under <u>Taylor</u>, a state statute must contain the elements of "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." <u>Id.</u> at 598.  Courts are generally limited to consideration of the language of the state statute of conviction in determining whether an offense is a generic burglary and, if the state statute necessarily defines burglary more broadly than the generic definition, it may not be treated as a predicate offense under the ACCA.  <u>Descamps v. United States</u>, 133 S. Ct. 2276, 2285-86 (2013).  However, if the state burglary statute lists elements in the alternative, a modified categorical approach may be applied to determine if defendant was convicted of a generic burglary, and certain documents may be considered by the sentencing court to determine whether defendant committed a generic or non-generic offense.  <u>Id.</u> at 2286.  In <u>Mathis</u>

v. United States, 136 S. Ct. 2243 (2017), the Supreme Court clarified that application of the modified categorical approach applies when a single statute "lists elements in the alternative . . . and thereby define[s] multiple crimes." Id. at 2249. Under the modified categorical approach, "a sentencing court looks to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." Id. This is distinguishable from a situation in which a statute contains a single offense but lists alternative means for committing an element of that offense, because in such a situation the sentencing court must consider only the elements of the statute of conviction to determine if an offense qualifies as a predicate offense under the ACCA. Id. at 2250.

In its response, the government concedes that burglary as defined in § 1435 is broader than the generic burglary offense described in Taylor, but the government argues that the Court should apply a modified categorical approach in determining if defendant's burglary convictions qualify as violent felonies. Dkt. # 42, at 5. In United States v. Alexander, 2017 WL 3881765 (N.D. Okla. Sep. 5, 2017), this Court considered and rejected the government's argument that the modified categorical approach should be used to evaluate whether a conviction under § 1435 is a violent felony under the ACCA. The Court found that the alternative locations listed in § 1435 were alternative means of committing the single offense of second degree burglary and not elements of separate burglary offenses. Id. at *5. The government has conceded in this case that § 1435 includes conduct that is broader than generic burglary as defined in Taylor, and this means that a conviction under § 1435 is not a violent felony when the categorical approach is applied. Descamps, 133 S. Ct. at 2285-86. This means that none of defendant's prior convictions for second decree burglary under Oklahoma law qualifies as a violent felony, and he should not been sentenced under

the ACCA. The Court finds that defendant's § 2255 motion should be granted, and he should be resentenced without application of the ACCA.

**IT IS THEREFORE ORDERED** that defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Dkt. # 36) is **granted**, and the judgment and commitment (Dkt. # 34) is **vacated**.

**IT IS FURTHER ORDERED** that a resentencing hearing is set for **November 16, 2017 at 10:00 a.m.** The United States Marshal is directed to arrange for the transportation of defendant to this Court for his resentencing hearing.

**DATED** this 6th day of October, 2017.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE