# UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15-CR-0007-CVE |
| | ) | |
| ROY JAMES HUDSON, | ) | |
| | ) | |
| Defendant. | ) | |

## AMENDED[1] OPINION AND ORDER

Now before the Court is the United States' Objection to Revised Presentence Investigation Report (Dkt. # 52). This case was set for a resentencing hearing on November 16, 2017. On the day of the sentencing hearing, the parties appeared before the Court and the government asserted a new objection to the presentence investigation report (PSR). See Dkt. # 51. The government argued that the PSR failed to take into account that defendant possessed a sawed-off shotgun and a modified rifle, and that defendant's base offense level under United States Sentencing Guideline (USSG) § 2K2.1 should have been 18. The Court ordered the parties to submit briefing on the issue of whether the Court would be committing plain error by considering the government's objection to the PSR, and the government has filed a written objection (Dkt. # 52) to the PSR.

On January 8, 2015, a grand jury returned an indictment charging defendant with being a convicted felon in possession of a firearm (counts one and two), possession of an unregistered weapon made from a shotgun (count three), and possession of an unregistered weapon made from a rifle (count four). Defendant entered a plea of guilty as to count two of the indictment, and he

---

[1]     Amended to correct page 8, final paragraph, to " . . . of the parties if they do **not** need a full 35 days . . . ."

acknowledged that he could be eligible for sentencing under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA). Dkt. # 21, at 9; Dkt. # 22, at 3. The United States Probation Office (Probation Office) prepared a PSR, and the PSR stated that defendant had three prior convictions for second degree burglary under Oklahoma law. Defendant was subject to sentencing under the ACCA, because he had three prior convictions that qualified as violent felonies. The Court sentenced defendant to the statutory mandatory minimum sentence of 180 months, and a judgment and commitment was entered on December 8, 2016. Defendant did not file a notice of appeal and his conviction became final on December 22, 2016.

On June 26, 2015, the Supreme Court issued its decision in <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), and this decision was made retroactively applicable to cases on collateral review. In <u>Johnson</u>, the Supreme Court found that the residual clause of the ACCA was unconstitutionally vague in violation of the Due Process Clause of the Fifth Amendment. <u>Johnson</u>, 135 S. Ct. at 2556-57. Defendant filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Dkt. # 49) seeking relief under <u>Johnson</u>. The Court found that all of the prior convictions used to enhance defendant's sentence under the ACCA were burglary convictions, and the invalidation of the residual clause of the ACCA had no effect on defendant's sentence. However, defendant's § 2255 motion was filed within one year of the date that his conviction became final, and he could raise any claim that could be asserted in an original § 2255 motion. <u>See</u> Dkt. # 44, at 4. The Court found that defendant's convictions for second degree burglary no longer qualified as violent felonies under the ACCA, and defendant's sentence of 180 months, or 15 years, exceeded the statutory maximum sentence of 10 years under 18 U.S.C. § 924(a)(2). <u>Id.</u> at 6-7. The Court granted defendant's § 2255

motion and vacated defendant's conviction and sentence, and the case was set for resentencing on November 16, 2017.

A revised PSR was prepared for the resentencing hearing, and the revised PSR was provided to the parties on October 18, 2017. The revised PSR relied on a base offense level of 14 under USSG § 2K2.1(a)(4)(A). The base offense level was increased by 10 levels due to the number of firearms, the possession of stolen firearms, and the commission of another felony in connection with his possession of the firearms. Defendant received a reduction of three levels for acceptance of responsibility, resulting in a total offense level of 21. Combined with a criminal history category of V, defendant had an advisory guideline range of 70 to 87 months. The offense conduct in paragraph 10 of the October 18, 2017 PSR states that a Mossberg, Model 88, 12 gauge shotgun with a barrel of less than 18 inches in length and a Mossberg, Model 702 Plinkstar, .22 caliber rifle with a barrel of less than 18 inches in length were seized from defendant's home.[2] Under USSG § 2K2.1(a)(5), the base offense level for a violation of 18 U.S.C. § 922(g) is 18 "if the offense involved a firearm described in 26 U.S.C. § 5845."[3] However, the government did not object to the base offense level in the October 18, 2017 PSR. On November 9, 2017, the probation officer sent the parties an addendum and a revised PSR amending paragraphs 19 and 41 of the PSR, but there

---

[2]     These firearms are identified in the indictment, and defendant's possession of these modified firearms was the basis for counts three and four of the indictment. Dkt. # 11, at 5-6.

[3]     The term "firearm" as defined in § 5845(a) includes "(1) a shotgun having a barrel or barrels of less than 18 inches in length" and "(3) a rifle having a barrel or barrels of less than 16 inches in length." 26 U.S.C. § 5845(a). The PSR states that defendant possessed a shotgun with a 16 11/16 inch barrel and a .22 caliber rifle with a 9 13/16 inch barrel, and either one of the firearms could be used to apply a base offense level of 18 under § 2K2.1(a)(5).

was no new information added to the PSR about the modified firearms identified in the offense conduct.

On November 16, 2017, counsel for the government informed the Probation Office that there was an error in the calculation of defendant's sentencing guideline range, because the PSR relies on an incorrect base offense level of 14. The parties appeared at the resentencing hearing and counsel for the government made an oral objection to the PSR. Dkt. # 51. The government acknowledged that the objection was untimely under Fed. R. Civ. P. 32, but it requested leave to submit briefing on the issue of whether the Court could consider the government's untimely objection. Id. The government has filed a written objection to the PSR (Dkt. # 52) as to the base offense level, and the parties simultaneously submitted briefing as to whether the Court would be committing plain error by considering the objection. If the government's objection is sustained, defendant's total offense level will increase to 25, and this will result in an advisory guideline range of 100 to 120 months.[4]

The government now argues that its objection (Dkt. # 52) is timely, because it was filed within 14 days from the date that it received a revised PSR from the probation office. Dkt. # 52, at 2. After the Court set the resentencing hearing, the probation office provided a PSR to the parties on October 18, 2017. The PSR was amended after the parties submitted objections to the probation officer, and an amended PSR and addendum was sent to the parties on November 9, 2017. The government claims that its objections should be considered timely, because the objection was filed within 14 days of November 9, 2017. Under Fed. R. Crim. P. 32(f)(1), a party must make any

---

[4]     The advisory guideline range for an offense level of 25 and a criminal history category of V is 100 to 125 months. However, the statutory maximum sentence that can be imposed is 10 years, or 120 months, and defendant's advisory guideline range becomes 100 to 120 months.

objection to the PSR within 14 days after it has been disclosed to the parties, and the probation officer must investigate any objections and revise the PSR if appropriate. Rule 32(g) provides that "[a]t least 7 days before sentencing, the probation officer must submit to the court and to the parties the presentence report and an addendum containing any unresolved objections . . . ." Fed. R. Crim. P. 32(g). Rule 32(g) does not authorize the parties file new objections after disclosure of the revised PSR and addendum. At the sentencing hearing, the Court must ensure that the defendant and defense counsel have reviewed the revised PSR and addendum, and counsel for the government and the defendant is permitted to comment on the "probation officer's determinations and other matters relating to an appropriate sentence." Fed. R. Crim. P. 32(i). However, there is nothing in Rule 32 that would equate "commenting" on the PSR with the ability to assert new objections at the sentencing hearing. Rule 32 specifically contemplates that parties may make untimely objections to the PSR, and the Court may consider an untimely objection if the objecting party can show "good cause." Fed. R. Crim. P. 32(i)(D). The government has previously acknowledged that its objection (Dkt. # 52) is untimely, and the Court finds that it can consider the objection only if the government can establish good cause for asserting an untimely objection to the PSR.

The government argues that good cause exists for hearing its untimely objection to the PSR, because the Court has an obligation to impose a sentence based on a correct guideline calculation and the offense level stated in the PSR is plainly incorrect. Dkt. # 52, at 2. The Tenth Circuit has not adopted a standard for "good cause" under Rule 32(i). Courts that have examined the good cause standard have agreed that the district court has the discretion to hear an untimely objection. United States v. Chung, 261 F.3d 536, 539-540 (5th Cir. 2001); United States v. Jones, 70 F.3d 1009 (8th Cir. 1995). At least one court has found that a district court should consider not only the

defaulting party's explanation for failing to make a timely objection, but a good cause inquiry should take into account the "adverse effects-direct or systemic-on opposing parties or the judiciary." United States v. McCoy, 313 F.3d 561, 565 (D.C. Cir. 2002). Good cause may also exist when it appears that the defendant would receive a sentence is "simply wrong, with no basis in fact." United States v. Hne, 103 F. Supp. 2d 483, 485 (D.R.I. 2000); see also United States v. Albright, 115 F. Supp. 2d 1271 (D. Kan. 2000) ("the court believes that good cause . . . requires either showing a diligent party has a good faith reason for the delay that constitutes more than a simple mistake or neglect or showing the untimely objection raises substantial factual or legal issues going to the basic fairness or validity of the PSR's sentencing findings and determinations.").

In addition to the issue of good cause under Rule 32(i), the Court has directed the parties to submit briefing as to whether it would be plain error for the Court to sentence defendant without considering the government's untimely objection to the PSR. Dkt. # 51. The Court has asked the parties to brief the issue of plain error, because it is relevant to application of the good cause standard in this case. Specifically, it would make little sense for the Court to decline to hear the government's untimely objection if the Tenth Circuit would reach the merits of the government's objection on appeal. Under the plain error standard, the Tenth Circuit will consider an issue to which no objection was made before the district court only if there was an "(1) error, (2) that is plain, (3) which affects the [government's] substantial rights and (4) which seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Mendoza, 543 F.3d 1186, 1190 (10th Cir. 2008). The Tenth Circuit has found that the third and fourth elements are satisfied when the district court relies on an incorrect offense level that increases a defendant's sentence. United States v. Black, 830 F.3d 1099, 1110-11 (10th Cir. 2016). The Tenth Circuit has

not specifically considered whether an error in the PSR that reduces a defendant's sentence would permit the government to meet the plain error standard on appeal. However, the Tenth Circuit has recognized the importance of correctly calculating a defendant's advisory guideline range, and has stated that "an obvious misapplication of the sentencing guidelines will usually satisfy the third and fourth elements of the plain error test." United States v. Sabillon-Umana, 772 F.3d 1328, 1333 (10th Cir. 2014). Failing to correct obvious errors in the sentencing of a defendant would result in a "rightly diminished view of the judicial process and its integrity," especially because it is relatively easy to correct errors in the calculation of a defendant's advisory guideline range. Id. at 1333-34.

The Court finds that the Tenth Circuit would likely consider the merits of the government's objection under plain error review, and this is a significant factor in favor of the government's request for the Court to entertain the government's untimely objection. The PSR clearly sets forth in the offense conduct that defendant possessed two firearms that would qualify as "firearms described in 26 U.S.C. § 5845(a)," and it would be an obvious mistake in calculating defendant's offense level by relying on a base offense level of 14 instead of 18. This satisfies the first and second elements of the plain error test. The Supreme Court has stated that "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." Gall v. United States, 552 U.S. 38, 49 (2007). It is relatively simple to correct the error in the PSR that was identified by the government, and it could reduce the public's view of the integrity of criminal proceedings if a defendant were to receive a substantially reduced based on an error that could easily be corrected. Proceeding with this case without correcting the PSR would affect the substantial rights of the government and would call into question the fairness and integrity of the proceedings,

and it is likely that the Tenth Circuit would find that the government could establish the third and fourth elements necessary for plain error review.

The Court finds that the government has shown good cause to assert a new objection to the PSR, and the Court will exercise its discretion under Rule 32(i)(D) to consider the government's untimely objection to the PSR. The objection is valid and the PSR should be revised. The PSR plainly states in the offense conduct that defendant possessed a sawed-off shotgun and a modified rifle that would qualify as a "firearm" under § 5845(a), and his offense level should have been calculated using a base offense level of 18. The government has not offered any reason why it could not have made its objection in a timely fashion, and the Court would not normally consider an untimely objection. However, the error in the PSR that has been identified by the government is substantial, and sentencing defendant without correcting the error would call into question the integrity of the proceedings. The Probation Office will be directed to issue a revised PSR using the base offense level of 18 as required by § 2K2.1(a)(5), and the parties will be given a full 35 days to file any objections to the revised PSR.

**IT IS THEREFORE ORDERED** that the United States' Objection to Revised Presentence Investigation Report (Dkt. # 52) is **sustained**. The United States Probation Office is directed to prepare a revised PSR using the base offense level stated in USSG § 2K2.1(a)(5) and disclose the revised PSR to the parties no later than **December 8, 2017**.

**IT IS FURTHER ORDERED** that the resentencing hearing is set for **January 17, 2018 at 9:30 a.m.** The resentencing hearing can be accelerated at the request of the parties if they do not need a full 35 days to resolve any objections to the revised PSR.

**DATED** this 4th day of December, 2017.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE